**UNITED STATES of America**

v.

**Martin Zenaido ZAMARRIPA–
CARRILLO a/k/a Anastacio
Pacheco**

Martin Zenaido Zamarripa–
Carrillo, Appellant.

No. 08–2867.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Nov. 2, 2009.

Filed: Nov. 23, 2009.

Louis D. Lappen, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Thomas A. Dreyer, Esq., Chadds Ford, PA, for Appellant.

Before: SCIRICA, Chief Judge, JORDAN and GREENBERG, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant Martin Zamarripa–Carrillo pleaded guilty to illegal reentry after deportation. He appeals only his sentence of 57 months of imprisonment, three years of supervised release, and a special assessment of $100.00. We will affirm.

I.

Zamarripa–Carrillo, a citizen of Mexico, pleaded guilty to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). There was no plea agreement. Based on Zamarripa–Carrillo's offense level and criminal history category, the Presentence Investigation Report ("PSR") calculated an advisory Sentencing Guidelines range of 63–78 months. At the sentencing hearing held on June 18, 2008, the District Court granted the Government's motion for an additional one-level reduction for Zamarripa–Carrillo's timely acceptance of responsibility, which reduced the advisory Guidelines range to 57–71 months. In his sentencing memorandum and at the sentencing hearing, Zamarripa–Carrillo requested a downward variance from the

recommended Guidelines range based on both his personal circumstances and on the fact that he was arrested in a district that lacked a fast-track program for handling reentry cases. Had such a fast-track program been available, Zamarripa–Carrillo asserted, he would have participated in it and received a lower sentence. Having heard from Zamarripa–Carrillo and the Government, and having considered the PSR and the sentencing recommendations of the Probation Department and the Government, the District Court found that "the appropriate sentence for [Zamarripa–Carrillo] is within the guideline range." (App.37.) Accordingly, the court imposed a sentence of 57 months of imprisonment, three years of supervised release, and a special assessment of $100.00. This timely appeal followed.[1]

## II.

Zamarripa–Carrillo's single contention on appeal is that the District Court committed a procedural error by treating the Sentencing Guidelines as mandatory when it denied his request for a downward variance based on the lack of a fast-track program in the Eastern District of Pennsylvania. Zamarripa–Carrillo bases his contention on one comment made by the District Court during the sentencing hearing—that Zamarripa–Carrillo could "make [his argument that the disparity in sentences caused by fast-track programs is unfair] to the United States Congress." (App.33.) This statement, Zamarripa–Carrillo contends, rendered his sentence procedurally unreasonable.

The record makes clear that the District Court did not treat the Sentencing Guidelines as mandatory. The District Court

listened to and considered Zamarripa–Carrillo's argument regarding the sentencing disparity caused by the lack of a fast-track program and the Government's argument that a variance on that basis was not appropriate, and decided not to accept Zamarripa–Carrillo's argument:

> This Court has considered the defense's argument in reference to the fast-track programs that exist in other jurisdictions that do not exist here in the Eastern District of Pennsylvania.
>
> We find that this argument is not accepted by this Court. We find that the appropriate sentence for this defendant is within the guideline range.

(App.37.) Further, in response to the Government's query concerning the basis for the court's denial of the requested variance, the court acknowledged its discretion to vary from the Guidelines: "this Court is obviously aware that we have the ability and the discretion to depart and vary from the sentencing guidelines, but it is this Court's decision not to under these circumstances that are presented in this case." (App.43.)

We see no procedural error in the District Court's determination. In *United States v. Arrelucea–Zamudio*, 581 F.3d 142 (3d Cir.2009), which was decided after Zamarripa–Carrillo's sentencing hearing and after the parties submitted their briefs in this appeal, we clarified our previous decision in *United States v. Vargas*, 477 F.3d 94, 101 (3d Cir.2007), in light of the Supreme Court's decision in *Kimbrough*. In *Arrelucea–Zamudio*, we held "a sentencing judge has the discretion to consider a variance under the totality of the [18 U.S.C.] § 3553(a) factors ... on the basis

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 3742(a). We review the District Court's sentencing decision under

the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

of a defendant's fast-track argument, and that such a variance would be reasonable in an appropriate case." 581 F.3d at 149. We specified that *Vargas's* holding that it is not an abuse of a sentencing judge's discretion to decline to vary on the basis of fast-track disparity remains viable *post-Kimbrough. Id.* at 148–49.

Although the District Court did not have the benefit of our decision in *Arrelucea–Zamudio* at Zamarripa–Carrillo's sentencing, it did not conclude—as the district court did in *Arrelucea–Zamudio*—that it was prohibited from considering Zamarripa–Carrillo's fast-track disparity argument. To the contrary, the District Court explicitly acknowledged the advisory nature of the Sentencing Guidelines with respect to the fast-track argument. It found no unwarranted disparity, and then considered the remaining 18 U.S.C. § 3553(a) factors in light of all of the relevant evidence and arguments before it. It recognized its authority to impose a sentence below the advised range, but it determined a sentence within the Guidelines was reasonable and a downward variance was inappropriate.

Zamarripa–Carrillo contends the District Court's statement regarding making his argument to Congress demonstrates that it misunderstood its authority to consider his fast-track argument. We disagree. We have recognized that "because district court judges render sentencing decisions orally and spontaneously from the bench after the presentation of numerous arguments, we do not expect them to deliver 'a perfect or complete statement of all of the surrounding law.' "

*Vargas,* 477 F.3d at 101 (quoting *United States v. Cooper,* 437 F.3d 324, 330 n. 8 (3d Cir.2006)); *see also Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.") (citation omitted). Here, the District Court made sufficiently clear that it had considered Zamarripa–Carrillo's fast-track argument with respect to the § 3553(a) factors, but had found the argument unpersuasive in light of the evidence before it. This was a proper exercise of discretion under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Arrelucea–Zamudio,* and resulted in a procedurally reasonable determination of Zamarripa–Carrillo's sentence. Furthermore, the sentence was substantively reasonable.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.